Scott Alan George
**SEEGER WEISS LLP**
550 Broad Street; Suite 920
Newark, NJ 07102
Tel:  (973) 639-9100
Fax:  (973) 639-9393
sgeorge@seegerweiss.com

Richard J. Burke, Esquire
Julie D. Miller, Esquire
**COMPLEX LITIGATION GROUP, LLC**
513 Central Ave
Suite 300
Highland Park, IL 60035
Tel:  (847) 433-4500
Fax:  (847) 433-2500
rich@complexlitgroup.com
julie@complexlitgroup.com

*Attorneys for Plaintiffs*

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANNE SPERA AND BETHANY MIZELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jeanne Spera and Bethany Mizell, by their attorneys, on behalf of themselves and all others similarly situated make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## INTRODUCTION

1.      Plaintiffs bring this class action individually and on behalf of the Classes defined below (the "Classes" or collectively the "Class") against Samsung Electronics America ("Samsung") to obtain relief, including, among other things, damages and injunctive relief.

2.      This class action is brought to remedy violations of law in connection with Samsung's design, manufacture, marketing, advertising, selling, warranting, and servicing of its front-loading washer machines (the "Washing Machines").   These Washing Machines have serious design defects (collectively, "Design Defects") that cause them to:

   a.  accumulate mold and mildew and/or residue or growth within the Washing Machines;

   b.  produce a moldy or mildewy odor that permeates the Washing Machine and clothes and other items washed in the Washing Machines;

   c.  fail to clean the Washing Machines and remove moisture, residue, growth, and/or bacteria that lead to the formation of mold, mildew, and/or associated foul odors;

   d.  be unusable in the manner, to the extent to, and for the purpose for which the Washing Machines were advertised, marketed, and sold.

The problems caused by the Design Defects are collectively referred to as "Mold Problems."

3.      The automatic clothes washer market is comprised of both vertical axis (*i.e.*, top-loading) and horizontal axis (*i.e.*, front-loading) washing machines.  Samsung offers both top-loading and front-loading washers.  Historically, consumers purchased vertical axis washing machines, which as part of their operation clean and rid themselves of suds, detergent, softener, waste water, and organic materials.  Although consumers expect, based upon decades of experience, that Samsung's Washing Machines will also effectively clean and rid themselves of suds, detergent, softener, waste water, and organic materials, the Samsung Washing Machines do not.

4.     The Washing Machines do not effectively clean and rid themselves of suds, detergent, softener, waste water, or organic materials due to the Design Defects, which include, among other things, the failure of the Washing Machines to:

    a.   Properly drain water and waste water;

    b.   Sufficiently eliminate detergent, softener, lint, oils, suds, and organic materials;

    c.   Utilize materials made with sufficient or appropriate anti-microbial additives to prevent, impede, or reduce the growth of mold, mildew, or biofilm (*i.e.*, the filmy substance that develops within the Washing Machines).

5.     As a result of these failures, the Washing Machines do not satisfy the purpose for which they were purchased (*i.e.*, to clean clothes, towels, bedding, and other washable items and to make those items smell fresh and clean).

6.     Samsung fails to disclose the Design Defects and Mold Problems, and falsely advertises and misrepresents the characteristics, benefits, quality, grade, standard, and uses of its Washing Machines by representing them as "washers" since the machines fail their most basic and fundamental purpose: making items washed within them clean.   Items washed in the Washing Machines smell foul due to the Mold Problems.

7.     Samsung also fails to disclose the extraordinary maintenance that its Washing Machines require to combat the accumulation of mold, mildew, and biofilm.  The extraordinary maintenance includes, but is not limited to: keeping the door open between washes, which presents a safety risk; running frequent and lengthy hot-water cleaning cycles; running monthly cleaning cycles (SilverCare, ActivFresh, or PureCycle) with bleach; the need to buy and use special washing machine cleaners; and the need to wipe the interior of the Washing Machines, the door glass, and the folds of the rubber door gasket dry after use.  This information is material

because a reasonable consumer would want to know how much maintenance is required for the Washing Machines before purchasing one.

8.      As a result of Samsung's concealment and failure to disclose the Design Defects, Mold Problems, and the extraordinary maintenance required, the Washing Machines are worth less than the price paid by Plaintiffs and the Class and cost more to own and operate than Samsung represented.

9.      Plaintiffs assert claims for violation of the New Jersey Consumer Fraud Act, breach of express warranty, breach of implied warranty, and unjust enrichment.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which Plaintiffs and other Class members and Samsung are citizens of different states.

11.      Venue is proper under 28 U.S.C. § 1391 because Samsung does substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this district.  At all pertinent times, Samsung was and is in the businesss of marketing, advertising, distributing, and selling products, including the Washing Machines, throughout this District, Missouri, and nationwide.  The Washing Machines that form the basis of this Complaint were purchased from Samsung and/or from Samsung's authorized dealers and placed in the stream of commerce by Samsung into and through this District.

## THE PARTIES

12.     Plaintiff Jeanne Spera is a citizen of New Jersey, and resides in Budd Lake, New Jersey.  On or about September 24, 2011, Plaintiff purchased a Samsung Washing Machine from Lowe's in Newton, New Jersey, which was installed in her home.  Approximately one month later, Plaintiff began to experience mold, mildew, and/or foul odor accumulation in the Washing Machine and on clothes and other items washed in the Washing Machine.  Despite following proper cleaning procedures, including leaving the door open and running bleach cleaning cycles, Plaintiff's Machine still has mold, mildew, and odor problems.

13.     Plaintiff Bethany Mizell is a citizen of Missouri, and resides in Nixa, Missouri. On or about January 1, 2010, Plaintiff purchased a Samsung Washing Machine from Lowe's in Springfield, Missouri which was installed in her home.  Approximately two months after purchase and installation, Plaintiff began to experience mold, mildew, and/or foul odor accumulation in the Washing Machine and on clothes and other items washed in the Washing Machine.  Plaintiff promptly contacted Lowe's regarding the problem with the mold and mildew in her machine.  Lowe's instructed her to leave the door open after each use and to use washer cleaner tablets regularly, which Plaintiff Mizell does.  Despite following these proper cleaning procedures, Plaintiff's Machine still has mold, mildew, and odor problems.

14.     Defendant Samsung Electronics America, Inc. is a New York corporation with its principle place of business at Ridgefield Park, New Jersey.  Samsung Electronics America is composed, in part, by the Consumer Business Division and the Home Appliance group, the division responsible for Washing Machines.

15.     Samsung manufactures and sells thousands of Washing Machines each year, a substantial portion of which are sold or offered for sale in New Jersey and Missouri.  Samsung

has sold, either directly or indirectly, thousands of its defective Washing Machines nationwide and in the State of New Jersey.

## FACTUAL BACKGROUND

16.     Samsung holds itself out to the public as a manufacturer of safe, technologically advanced, and easy-to-use home appliances, including Washing Machines.  Samsung markets itself as "an established leader in the worldwide electronics market".  The company proudly boasts that its Home Appliance group "sells products that rank very high in consumer satisfaction."  Samsung claims its mission is to provide consumers with innovative products that converge digital technologies and offer exceptional quality, features, performance and value.  Samsung's breadth of operations includes more than a dozen industries.  Given its size and prominence, consumers trust that Samsung products will meet or exceed Samsung's representations.

17.     Samsung, as one part of its business, manufactures, produces, distributes, and sells Washing Machines, which it makes available throughout the United States.

18.     Samsung sells Washing Machines both directly and through its network of authorized dealers including leading retailers and on-line merchants.

19.     Samsung provided Plaintiffs and each purchaser of a Washing Machine with an express one-year factory warranty against manufacturing defects in materials and workmanship.

20.     In conjunction with each sale, Samsung marketed, advertised, and warranted that the Washing Machines were of merchantable quality and fit for the ordinary purpose for which such goods were used and were free from defects, or at a minimum would not cause Mold Problems.

21.     Samsung also made express representations about the quality of its Washing Machines.

22.     In addition to making express representations of the quality of its Washing Machines, Samsung also touted its Washing Machines as ENERGY STAR washers.

23.     To qualify for the ENERGY STAR label, a manufacturer must comply with current ENERGY STAR Eligibility Criteria, which define the performance criteria that must be met for use of the ENERGY STAR certification mark on clothes washers and specifying the testing criteria for clothes washers.

24.     Every Washing Machine has the ENERGY STAR logo indicating that the machine is ENERGY STAR compliant.  The ENERGY STAR logo appears prominently on the front of the machines to ensure that customers see the logo.

25.     Members of the Class purchased the Washing Machines, in part, because the machines were ENERGY STAR compliant and would lead to water and energy savings.  In reality, at the recommendation of GE, Class members have to regularly run empty cycles of hot water and/or bleach and/or other products to combat the Mold Problems, contrary to the representation that the machines would lead to water and energy savings.

26.     Samsung had exclusive knowledge that the Washing Machines have a Design Defect and that the Design Defect causes Mold Problems.  These facts were not known to Plaintiffs and the other members of the proposed Classes.  Samsung's exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which Samsung failed to perform.

27.     Samsung represented that the Washing Machines were ENERGY STAR compliant, while concealing from customers the need to run extra cycles of hot water and/or bleach and/or other products to combat the Mold Problems.  Samsung's representations

7

concerning the efficiency of the Washing Machines gave rise to a duty to disclose the need to run extra cycles. Upon information and belief, Samsung has neither considered nor taken into account the extra loads run by owners of the Washing Machines in an attempt to clean their machines.

28.     Further, as the Mold Problems became undeniable, Samsung began recommending that consumers purchase Affresh washing machine cleaner to ameliorate the Mold Problems. Affresh is one of several products designed, manufactured, and marketed to address Mold Problems in the Washing Machines. *See* http://www.samsung.com/us/support/SupportOwnersFAQPopup.do?faq_id=FAQ00031907&fm _seq=32075.

29.     Samsung provides care instructions with its Owner's Manual & Installation Instructions. The manual does not make any disclosure about the Mold Problems when used as instructed. Samsung fails to inform or otherwise disclose to consumers that, even when operated as instructed by Samsung, Mold Problems will occur in the Washing Machines and that the Mold Problems will result regardless of washer maintenance due to the Design Defects.

30.     Plaintiffs purchased a Washing Machine for household purposes, and at all pertinent times used the machine for its intended purpose, used the recommended high-efficiency ("HE") detergent, and have nonetheless experienced Mold Problems. Plaintiffs contacted Samsung concerning the Mold Problems and unsuccessfully tried Samsung's various recommendations to fix the problem.

31.     After all of the extraordinary maintenance failed, Samsung suggested that Plaintiffs leave the washer door open between uses to ameliorate the Mold Problems. That suggestion poses obvious safety risks to children and pets; indeed, a young child drowned in a

Kenmore front loading washer, which prompted the U.S. Consumer Product Safety Commission to open an investigation regarding safety standards for front loaders. Despite following Samsung's instruction to leave the washer door open between uses, Plaintiffs still experienced Mold Problems with their Washing Machines.

32. Plaintiffs and other Class members experienced and continue to experience Mold Problems even though they have followed the instructions provided by Samsung including those set forth in Samsung's manual.

33. Samsung intended for customers to believe its statements and representations about its Washing Machines and to trust that its Washing Machines were and are of first-rate quality. Samsung concealed material facts regarding the Washing Machines, including the Design Defects, which cause the Washing Machines to experience the Mold Problems, even though consumers used the Washing Machines as instructed by Samsung.

34. The Washing Machines are defective in many respects. Due to those defects, the use of the Washing Machines – as instructed by Samsung – resulted in conditions creating an excessive propensity for the Washing Machines to accumulate mold and mildew, residue or growth, and moldy odors. These defects include, among other things,

      a. the failure of the Washing Machines to properly drain water and to avoid lingering moisture;

      b. the failure of the Washing Machines to sufficiently rinse away detergent and liquid fabric softener to prevent the accumulation of residues that contribute to the formation of mold and mildew and moldy odors;

      c. the failure of the Washing Machines to prevent the accumulation of residues and growths that contribute to the formation of mold and mildew and moldy odors when used as instructed and recommended by Samsung; and

      d. the failure of the Washing Machines to clean themselves in a manner necessary for the proper functioning of the machines for the intended purpose.

35.     Upon information and belief, defects in the drum also play a role in causing Mold Problems.  Due to the defects in the drum, the machines do not fully or properly drain in connection with each and every wash cycle and/or do not sufficiently permit the rinsing away and/or prevent the accumulation of residues and growths.  As a result, the defects in the drums do not permit the Machines to clean themselves after each load.  Defects in the door seal also play a role in the accumulation of mold and mildew and moldy odors.  Among other things, the door seal does not fully or properly drain and/or remove residues and growths after each wash.

36.     Samsung was aware, or should have known, before marketing and selling the Washing Machines, that they were inherently defective because even when operated as instructed, the machines were substantially likely to experience Mold Problems.  Samsung nonetheless failed to warn its customers of the Design Defects inherent in the Washing Machines or the Mold Problems that would result from the Design Defects.

37.     As a result of the Design Defects that have plagued and continue to plague the Washing Machines, Plaintiffs and other Class members overpaid for the Washing Machines.  For the reasons detailed herein, Samsung knew or should have known that the value of the Washing Machines it was selling to consumers was significantly inflated by its misrepresentations and misleading information concerning those machines.  If Plaintiffs and other Class members had known about the Design Defects affecting the Washing Machines, they would not have paid the significant sums – sometimes more than $1,000 per machine – that they paid for the Machines.

38.     As a result of the mold and/or mildew odor that permeates items "washed" in the Machines, many consumers have been forced to re-wash or even replace clothes, towels, and other items that have been ruined by the Design Defects in the Washing Machines.

39.     Samsung has profited, either directly or indirectly, by concealing the true nature of the Design Defects and misrepresenting the cause of the Mold Problems associated with the defects, which has enabled it to

a.  sell the Washing Machines at premium prices;

b.  profit on repair services and parts purportedly used to fix the Mold Problems; and

c.  recommend Affresh-related products, which it misrepresented as capable of addressing and resolving the Mold Problems arising from the Design Defects.

In fact, Samsung has no effective remedy for the Design Defects and Mold Problems and has taken no action to correct the defects.

40.     As a result of Samsung's false and misleading statements and concealment, and Samsung's other misconduct described in this Complaint, Plaintiffs and the Class bought thousands of Washing Machines and have suffered – and continue to suffer – injury as a result of the defective nature of these Washing Machines and as a result of Samsung's misconduct.

41.     Far from being an innocuous or isolated defect or problem, in addition to Plaintiffs, upon information and belief, thousands of other Washing Machine purchasers have complained directly and indirectly to Samsung and its authorized dealers and service personnel and on internet websites about the Design Defects and Mold Problems with the Machines.

42.     As a result of the avalanche of consumer complaints regarding the defects that Samsung would not and/or could not remedy, several companies and entrepreneurs created and marketed products designed to treat, eliminate, and/or minimize the Mold Problems caused by the Design Defects in the Washing Machines.   These products include, among others, SmellyWasher, NuFreshNow, Affresh, Clorox Washing Machine Cleaner, and Tide Washing Machine Cleaner.   Due to the widespread and intractable nature of the Mold Problems, consumers have purchased tens of thousands of units of these products.

43.     Reflecting its knowledge that the Design Defects resulted in serious Mold Problems in the Washing Machines, Samsung recommends Affresh on its website, as shown in the following picture.  Despite the representations on Samsung's website and from other media, Affresh fails to prevent and/or eliminate the Mold Problems experienced by Plaintiffs and other Class members.



44.     Upon information and belief, Samsung developed a new line of high-efficiency top-loading washers with Samsung Wobble Technology due, in part, to the Design Defects and Mold Problems.

45.     Despite having repeated notice of the above-described Design Defects and Mold Problems in the Washing Machines and despite the reasonable expectations of consumers created

by Samsung's marketing of its Washing Machines, Samsung has engaged in the following routine, albeit wrongful course of conduct, where Samsung:

      a.   designed, manufactured and sold Washing Machines with Design Defects that cause Mold Problems;

      b.   failed to disclose that the Washing Machines had Design Defects that cause Mold Problems;

      c.   continued to represent expressly or by implication that the Washing Machines that Plaintiffs and Class members purchased were dependable, cost effective, and would provide outstanding cleaning and performance as washing machines when it knew that these statements were false;

      d.   continued to manufacture, market, advertise, distribute, and sell the Washing Machines to consumers when it knew or should have known that the Washing Machines were not dependable and would not withstand normal operation;

      e.   failed to disclose to consumers the substantial risk of Washing Machine failure and the material defects in the Washing Machines;

      f.   failed to disclose the nature of the Design Defects to consumers;

      g.   failed to disclose the many complaints it received from consumers or the high incidence of attempted, but futile, repairs of the Washing Machines;

      h.   failed to implement a recall to adequately announce, remedy, and correct the defects for consumers;

      i.   failed to disclose to consumers that Samsung was not committed to making effective repairs under its warranties to address Mold Problems;

      j.   failed to take action to correct its omissions or false or misleading express representations about the use, efficacy, qualities, and benefits of its Washing Machines; and

      k.   failed to disclose that despite following the recommended procedures within the Samsung Owner's Manual & Installation Instructions consumers would still experience Mold Problems.

46. By engaging in the foregoing course of conduct, Samsung has caused consumers – including Plaintiffs and the Class – to be aggrieved and suffer ascertainable losses in that, among other things, Samsung's course of conduct systematically:

    a.  caused Plaintiffs and the Class members to pay premium prices for a defective product;

    b.  reduced the value of the Washing Machines purchased by Plaintiffs and the Class; and

    c.  caused reasonable consumers like Plaintiffs and other Class members to spend time and money for attempted repairs and other purported remedies, such as Washing Machine cleaners, of the defects in their Washing Machines that they would not have spent, but for Samsung's wrongful conduct.

47.    To this day, Samsung continues to conceal material information from users, consumers, and the public that

    a.  the Washing Machines are inherently defective; and

    b.  the Washing Machines are not of merchantable quality.

48.    Any limitations on remedies contained in Samsung's express warranties fail of their essential purpose and are unenforceable with respect to the Mold Problems at issue here. When Samsung is notified of the Mold Problems, it fails to provide any repairs, replacement of parts, or any other remedy that adequately addresses the Mold Problems.  For the same reason, to the extent that there is any notice requirement imposed by law, notice is not required because Samsung has (and had) actual knowledge of the Mold Problems and notice to it would be futile (in that Samsung failed to provide an effective remedy).

## FRAUDULENT CONCEALMENT

49.    The statute of limitations has been tolled by Samsung's knowing and active concealment of the fact that the Washing Machines cause Mold Problems.  Samsung kept Plaintiffs ignorant of vital information essential to the pursuit of their claims, without any fault or lack of diligence on the part of Plaintiffs.  Plaintiffs could not have reasonably discovered the fact that their Washing Machine would experience Mold Problems due to the Design Defects.

50. Samsung was and is under a continuous duty to disclose to Plaintiffs the true character, quality, and nature of the Washing Machines. At all relevant times, and continuing to this day, Samsung knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Washing Machines. Plaintiffs reasonably relied upon Samsung's affirmative misrepresentations and knowing, affirmative, and/or active concealment. Based on the foregoing, Samsung is estopped from relying on any statutes of limitation in defense of this action.

### New Jersey's Substantive Law Applies To The Proposed Nationwide Class

51. New Jersey's substantive laws apply to the proposed Nationwide Class, as defined herein, because Plaintiffs properly bring this Complaint in this District.

52. New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Nationwide Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by each Plaintiff and all Class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

53. Defendant's United States headquarters and principal place of business is located in New Jersey. Samsung also owns property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Defendant's conduct under its laws. Defendant's decision to reside in New Jersey and avail itself of New Jersey's laws renders the application of New Jersey law to the claims herein constitutionally permissible.

54. New Jersey is also the location where Plaintiff Spera and a significant number of Class members were injured by virtue of the misconduct alleged herein. Plaintiff Spera resides

in New Jersey and bought her Washing Machine in New Jersey. A substantial number of members of the proposed Nationwide Class also reside in New Jersey and bought Samsung Washing Machines in New Jersey.

55. New Jersey is also the State from which Samsung's alleged misconduct emanated. This conduct similarly injured and affected all Plaintiffs and Class members residing in the United States. For instance, Defendant's marketing efforts relating to Samsung's Washing Machines were created and orchestrated from its headquarters in New Jersey. More specifically, New Jersey has the following significant contacts to the claims of Plaintiffs and Class members:

> a. Samsung's New Jersey office serves as the headquarters for its marketing and sales in the United States and provides all sales support;
>
> b. Upon information and belief, all corporate decisions regarding the Washing Machines, and the representations and acts of concealment which are the subject of this lawsuit were directed by, or emanated from, Samsung representatives working in New Jersey or directly reporting to superiors situated in New Jersey;
>
> c. Several different teams of Samsung employees who were involved in and are knowledgeable about the marketing and advertising of Samsung's Washing Machines, including Samsung's product development, marketing, training and public relations groups, are located in New Jersey and all documents related to these functions are located in New Jersey;
>
> d. Furthermore, upon information and belief, all customer complaints received at Samsung's customer call centers were and are forwarded to Samsung representatives working in New Jersey, who in turn dictate the scripted responses that are to be given to complaining customers; and
>
> e. In addition to the New Jersey Samsung personnel, the Samsung Korea-based personnel that are involved in matters relevant to this action routinely travel to Samsung's New Jersey headquarters and are expected to continue to travel to New Jersey.

56. The application of New Jersey's laws to the Nationwide Class is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiffs and the proposed Nationwide Class, and New Jersey has a greater

interest in applying its laws here than any other interested state.

57.     In the alternative, the Court may apply the substantive law of the States where the named Plaintiffs reside and/or bought their Washing Machines:  Missouri and New Jersey.

## CLASS ACTION ALLEGATIONS

### A.     Definition of the Class

58.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59.     The Classes, of which Plaintiffs are members, that Plaintiffs seek to represent are defined as follows:

**Nationwide Class**:

All persons who own a Washing Machine for personal, family, or household purposes, and not for resale, in the United States.

**Missouri Sub-Class**:

All persons who own a Washing Machine for personal, family, or household purposes, and not for resale, in the State of Missouri.

**New Jersey Sub-Class**:

All persons who own a Washing Machine for personal, family, or household purposes, and not for resale, in the State of New Jersey.

Excluded from the Classes are Samsung, its affiliates, employees, officers and directors, persons or entities that distribute or sell the Washing Machines, the Judges assigned to this case, and the attorneys of record in this case.  Plaintiffs reserve the right to amend the Class definitions if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

### B.     Numerosity

60.     The members of the Classes are so numerous that joinder of all members would be impracticable.  Samsung has sold thousands of Washing Machines throughout the nation. While the precise numbers of members are unknown to Plaintiffs, that information can be ascertained through discovery.

### C.     Commonality

61.     There are common questions of law and fact that predominate over any questions affecting only individual members of each Class.  Those common legal and factual questions, include, but are not limited to the following:

(a)     Whether the Washing Machines are defective;

(b)     Whether Samsung knew that the Washing Machines were and are defective;

(c)     Whether Samsung omitted and concealed material facts from its communications and disclosures to Plaintiffs and the Classes regarding the defects inherent in the Washing Machines;

(d)     Whether Samsung has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the sale of the Machines;

(e)     Whether New Jersey law can and should be applied to the Nationwide Class;

(f)     Whether Samsung violated various state consumer protection statutes;

(g)     Whether Samsung breached its warranty and/or extended warranties;

(h)     Whether Samsung breached its implied warranties;

(i)     Whether Samsung has been unjustly enriched;

(j)     Whether, as a result of Samsung's conduct, Plaintiffs and the Classes have suffered damages; and if so the appropriate amount thereof; and

(l)     Whether, as a result of Samsung's misconduct, Plaintiffs and the Classes are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

### D.     Typicality

62. Plaintiffs have the same interests in this matter as all other members of the Class. Plaintiffs and all Class members have been injured by the same wrongful practices of Samsung.

63. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of all Class members and are based on the same legal theories.

### E. Adequacy

64. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Neither Plaintiffs nor their counsel have any interests contrary to or conflicting with the Classes.

### F. The Prerequisites of Rule 23(b)(2) are Satisfied

65. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Rule 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

66. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of Class members, who would not be parties to those actions.

67. Defendant's actions are generally applicable to the Class as a whole, and Plaintiffs seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

68. Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

### G. The Prerequisites of Rule 23(b)(3) are Satisfied

69. This case satisfies the prerequisites of Rule 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member.

70. Plaintiffs do not anticipate any difficulty in the management of this litigation.

71. Samsung has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

72. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

## COUNT I
**(Violation of the New Jersey Consumer Fraud Act ("CFA") (N.J.S.A. § 56:8-1 *et seq*.) and Substantially Similar Laws of Certain Other States)**

73. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

74. At all times relevant hereto, there was in full force and effect the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. and substantially similar state consumer protection statutes (the "Act"). Similar statutes, identical in their material respects, are in effect in many jurisdictions within the United States.

75. Plaintiffs, other members of the Class, and Samsung are "persons" within the meaning of the CFA.

76. Plaintiffs and other members of the Class are "consumers" within the meaning of the CFA.

77.     At all relevant times material hereto, Samsung conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

78.     The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

79.     Samsung has engaged in deceptive practices in the sale of the defective front-loading Washing Machines including: (1) selling Washing Machines with a design flaw that causes mold, mildew and/or foul odor to occur with normal use and/or created a substantial risk that mold, mildew and/or foul odor would occur with normal use; and (2) intentionally failing to disclose and/or concealing this known defect and risk.

80.     Samsung consciously omitted to disclose material facts to Plaintiffs and other members of the Class with respect to the defects that cause mold, mildew and/or odor to occur with normal use and/or creates a substantial risk that mold, mildew and/or odor would occur with normal use.

81.     Samsung's unconscionable conduct described herein included the omission and concealment of material facts concerning the Washing Machines.

82.     Samsung intended that Plaintiffs and the other members of the Class rely on the acts of concealment and omissions, so that Plaintiffs and other Class members would purchase the Washing Machines.

83.     Had Samsung disclosed all material information regarding the Washing Machines to Plaintiffs and other members of the Class, they would not have purchased the Machines.

84.     The foregoing acts, misrepresentations, omissions and unconscionable commercial practices caused Plaintiffs and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to repair and replace the Washing Machines and

diminution in value of the Washing Machines, and they are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

85.    Application of the CFA to all Class members located throughout the country, regardless of their state of residence, is appropriate as described herein and because, *inter alia*:

a.    Samsung controlled and directed their nationwide sales operations and support operations from New Jersey;

b.    Samsung's marketing operations and decisions, including the decisions as to how to advertise, promote and sell Washing Machines, were made in New Jersey and Defendant's sales and marketing personnel all are based here;

c.    Samsung's principal place of business is located in New Jersey;

d.    The majority of significant employees of Samsung are based in New Jersey, and the Samsung Korea-based personnel relevant to this action routinely travel to Samsung's New Jersey headquarters and are expected to continue to do so;

e.    The majority of significant documents of Samsung are located in New Jersey;

f.    The facts and circumstances of this case bestow numerous contacts with the State of New Jersey so as to create a state interest in applying the CFA to Samsung, thereby making application of New Jersey law to the entire Class appropriate.

86.    Alternatively, Plaintiff Spera seeks all available remedies on behalf of herself and the New Jersey Sub-Class.

## <u>COUNT II</u>
### Violation of the Missouri Merchandising Practices Act (MO. REV. STAT. § 407.010 *et seq.*) (on behalf of the Missouri Sub-Class)

87.    Plaintiff Mizell repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

88.    Plaintiff Mizell asserts this claim individually and on behalf of the Missouri Class under the Missouri Merchandising Practices Act, codified at MO. REV. STAT. § 407.010 *et seq.*

89.    At all relevant times material hereto, Samsung conducted trade and commerce in Missouri.

90.     Samsung has engaged in deceptive practices in the sale of the defective front-loading Washing Machines including: (1) selling Washing Machines with a design flaw that causes mold, mildew and/or foul odor to occur with normal use and/or created a substantial risk that mold, mildew and/or foul odor would occur with normal use; and (2) intentionally failing to disclose and/or concealing this known defect and risk.

91.     Samsung deliberately omitted material facts concerning its Washing Machines with respect to the defects that cause mold, mildew and/or odor to occur with normal use and/or creates a substantial risk that mold, mildew and/or odor would occur with normal use so that Plaintiffs and other members of the Class would purchase the Washing Machines.

92.     Samsung's unconscionable conduct described herein included the omission and concealment of material facts concerning the Washing Machines.

93.     Samsung intended that Plaintiffs and the other members of the Class rely on the acts of concealment and omissions, so that Plaintiffs and other Class members would purchase the Washing Machines.

94.     Had Samsung disclosed all material information regarding the Washing Machines to Plaintiff Mizell and other members of the Missouri Sub-Class, they would not have purchased the Machines.

95.     Samsung's misrepresentation, omissions, and unconscionable commercial practices in connection with its sale of the Washing Machines constitutes a "deception, fraud . . . false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact," in violation of the Missouri Merchandising Practices Act.  MO. REV. STAT. § 407.020.

## COUNT III
### (Breach of Express Warranty)

96.　　Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

97.　　Samsung made affirmations of fact and promises to Plaintiffs and members of the Classes that related to the Washing Machines as more fully described herein.

98.　　Samsung's affirmations of fact and promises became part of the basis of the bargain between the parties.

99.　　These affirmations of fact and promises created an express warranty that the Washing Machines would conform to Samsung's affirmations and promises.

100.　　Samsung uniformly warranted all of the Washing Machines against defects in material or workmanship at a time when it knew that the Washing Machines suffered from serious defects and, nevertheless, continued to market and sell the Washing Machines with this express warranty.

101.　　Samsung is obligated under the terms of its written warranty to repair and/or replace the defective Washing Machines sold to Plaintiffs and members of the Class.

102.　　Samsung has breached its written warranty, as set forth above, by supplying the Washing Machines in a condition that does not meet the warranty and obligations undertaken by Samsung and by failing to repair or replace the defects and/or defective parts.

103.　　As set forth above, Samsung's warranty fails in its essential purpose and, accordingly, Plaintiffs and members of the Classes cannot and should not be limited to the remedies set forth in Samsung's written warranty and, instead, should be permitted to recover all measure of appropriate relief.

104.    Samsung has failed to provide Plaintiffs and members of the Classes, as a warranty repair and/or replacement, a product that conforms to the qualities and characteristics that Samsung expressly warranted when it sold the Washing Machines to Plaintiffs and members of the Classes.

105.    As a result of Samsung's breach of express warranty, Plaintiffs and members of the Classes have suffered damages in an amount to be determined at trial.

### COUNT IV
### (Breach of Implied Warranty of Merchantability)

106.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

107.    Samsung is a merchant in the sale of the Washing Machines to Plaintiffs and the members of the Classes and the Washing Machines are goods under applicable law.

108.    Plaintiffs and members of the Classes are in privity with Samsung in that they purchased their Washing Machines directly from Samsung or from an actual or apparent agent of Samsung such as its authorized dealers.

109.    Plaintiffs and members of the Classes are also in privity with Samsung by virtue of the contractual relationship stemming from Samsung's manufacturer's warranty provided in conjunction with the purchase of the Washing Machines, which is enforceable by Plaintiffs and the members of the Classes as against Samsung regardless of where, or from whom, the Washing Machines were acquired.

110.    Samsung, as the manufacturer and seller of the Washing Machines, was obligated to make certain that the Washing Machines were reasonably fit for the purposes for which such products are used, and that the Washing Machines are acceptable in trade for the product description.

111.    Notwithstanding the aforementioned duty, at the time of delivery, the Washing Machines sold to Plaintiffs and the Class were not merchantable.

112.    As documented in its own business records and elsewhere, Defendant was aware, or should have known, that that the Washing Machines were not merchantable within a reasonable time after the latent defect manifested itself to Plaintiffs and the Class.

113.    As a result of the Design Defects, Mold Problems and overall non-merchantability of the Washing Machines described herein, Plaintiffs and other members of the Class have sustained damages in an amount to be determined at trial.

## COUNT V
### (Unjust Enrichment)

114.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

115.    This claim is asserted in the alternative on behalf of Plaintiffs and the members of the Classes to the extent that the warranties do not govern all of Plaintiffs' and Class members' claims or there is any determination that Plaintiffs does not have standing to assert any contractual claims against Samsung because of any alleged absence of contractual privity or otherwise.

116.    Defendant received and retained a benefit conferred by Plaintiffs and Class members at their expense through the purchase of Samsung Washing Machines.

117.    Samsung has benefitted unjustly at Plaintiffs' and Class members' expense.

118.    It would be inequitable and unjust for Samsung to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the Washing Machines.

119.    Plaintiffs and the Class members have no adequate remedy at law because of Samsung's conduct.

120.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the Class members have suffered non-monetary and monetary injury.

121.    Plaintiffs and the members of the Classes seek restitution from Samsung and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Samsung from its wrongful conduct and establishment of a constructive trust from which Plaintiffs and members of the Classes may seek restitution.

WHEREFORE, Plaintiffs, individually and on behalf of the Classes described herein, pray for judgment against Samsung as follows:

A.    For an Order certifying the Classes under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), appointing Plaintiffs as Class representatives, and appointing the lawyers and law firms representing Plaintiffs as Class Counsel.;

B.    Entering judgment in favor of Plaintiffs and the members of the Class and against Defendant;

C.    For all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and the Classes;

D.    For both pre-judgment and post-judgment interest on any amounts awarded;

E.    For appropriate injunctive relief;

F.    For payment of attorneys' fees and costs; and

H.    For such other and further relief as the Court deems proper.

## **Jury Demand**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  August 28, 2012

                    <u>s/ Scott Alan George</u>

BY:    Scott Alan George
**SEEGER WEISS LLP**
550 Broad Street; Suite 920
Newark, NJ 07102
Tel:  (973) 639-9100
Fax:  (973) 639-9393
sgeorge@seegerweiss.com

Jonathan Shub
**SEEGER WEISS LLP**
1515 Market Street
Suite 1380
Philadelphia, PA 19102
Tel:  (215) 564-2300
Fax: (215) 851-8029
jshub@seegerweiss.com

Richard J. Burke, Esquire
Julie D. Miller, Esquire
**COMPLEX LITIGATION GROUP, LLC**
513 Central Ave
Suite 300
Highland Park, IL 60035
Tel:  (847) 433-4500
Fax:  (847) 433-2500
rich@complexlitgroup.com
julie@complexlitgroup.com

*Attorneys for Plaintiffs*