NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT N. DURSO, SUZANNE FAST, CATHIE COKE and DOUGLAS WALKER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 2:12-cv-5352 (DMC)(JAD) |
| JEANNE SPERA AND BETHANY MIZELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-5412 (DMC)(JAD) |
| CHAD AND JESSICA CHOWNING on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-5440 (DMC)(MF)<br><br>OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon two motions to consolidate, filed in separate class actions, namely (i) cross-motion by plaintiffs Robert N. Durso, Suzanne Fast, Cathie Coke and Douglas Walker, individually and on behalf of all other persons similarly situated (the "Durso Plaintiffs"), to consolidate and appoint interim class counsel in Durso, et al. v. Samsung

Elecs. Am., Inc., Civ. A. No. 2:12-cv-5412 (DMC)(JAD) (the "Durso Class Action") (ECF No. 31); and (ii) motion by plaintiffs Jeanne Spera and Bethany Mizell, on behalf of themselves and all others similarly situated (the "Spera Plaintiffs"), to consolidate actions and appoint interim class counsel in Spera, et al. v Samsung Elecs. Am., Civ. A. No. 2:12-cv-5412 (DMC)(JAD) (the "Spera Class Action") (ECF No. 12).[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below: (i) the Durso Plaintiffs' cross-motion to consolidate is **denied**; and (ii) the Spera Plaintiffs' motion to consolidate is **granted.**

I. **BACKGROUND.**

Currently pending in this Court are three separate class actions that all involve claims concerning Samsung front-loading washing machines (the "Samsung Washers" or the "Washers").[2] (Br. Opp. Cross-Motion Consolidate 1, ECF No. 37, Civ. A. No. 2:12-cv-5352).

    A. The Three Pending Class Actions Concerning the Samsung Washers.

The earliest filed action is the Durso Class Action, which was filed on August 24, 2012,[3] and alleged a wide array of defects with respect to the Samsung Washers, from the Washers' not cleaning clothes well to the premature failing of the Washers' pump. (Am. Compl. ¶ 2, ECF No. 12, Civ. A. No. 2:12-cv-5352). Specifically, these defects include "the inability of the [Samsung Washers] to spin and drain properly and [] wash large items despite the claim that the washer has 'super capacity,' the failure of clothes to come out properly cleaned, the frequent display of 'error messages' to the user, frequent mold, mildew smells within the Washer[s] and on clothes

---

[1] This Opinion shall address only the consolidation aspect of these two motions. A separate opinion shall be issued with respect to the appointment of class counsel aspect of these motions.

[2] The only named defendant in each of these class actions is Samsung Electronics America, Inc., hereinafter "Samsung."

[3] The Durso Plaintiffs filed an amended class action complaint on December 17, 2012. (Am. Compl., ECF No. 12, Civ. A. No. 2:12-cv-5352).

that were just washed, frequent instances of premature failure of the pump, the collection of 'pot metal' in the hose, and the premature disintegration of the rubber within the [W]asher resulting in leaks and damage to clothing." (Id.). The Durso Plaintiffs asserted six causes of action against Samsung, including violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. (the "CFA"), violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.41, et seq., fraudulent concealment, breach of implied warranties, breach of express warranties and negligent misrepresentation.

The next filed action is the Spera Class Action, which was filed on August 28, 2012, and alleged a single defect with respect to the Samsung Washers, namely that there is an "inherent defect which causes them to develop mold and mildew" (the "Mold Defect"). (Br. Opp. Cross-Motion Consolidate 1, ECF No. 37, Civ. A. No. 2:12-cv-5352). Specifically, the Spera Plaintiffs claimed the Samsung Washers do not clean themselves in the same way that top-loading machine washers do, which allows a build-up of biofilm (i.e., dirt from clothing and accumulated soap). (Id.). In addition, the Washers allegedly "create[] an incubator for mold and mildew" because they must be air- and water-tight to prevent leakage while washing. (Id.). The Spera Plaintiffs asserted five causes of action against Samsung, including violation of the CFA, violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq., breach of express warranty, breach of the implied warranty of merchantability and unjust enrichment.

The final action filed is the Chowning Class Action,[4] which was filed on August 29, 2012, and is nearly identical to the Spera Class Action insomuch as it alleged only the Mold Defect. The Chowning Plaintiffs asserted the same causes of action as the Spera Plaintiffs, with

---

[4] The "Chowning Class Action" refers to the class action filed by plaintiffs Chad and Jessica Chowning, on behalf of themselves and all others similarly situated, under Civ. A. No. 2:12-cv-5440 (DMC)(MF).

3

the only exception being a claim under the Colorado Consumer Protection Act, Co. St. § 6-1-101, et seq., as opposed to the Missouri Merchandising Practices Act.[5]

B. The Motions to Consolidate.

On December 7, 2012, counsel for the Durso Plaintiffs requested leave to file a motion to consolidate the Durso Class Action with the Spera/Chowning Class Actions. (12/7/2013 Letter, ECF No. 11, Civ. A. No. 2:12-cv-5352). This letter precipitated the filing of the Spera/Chowning Plaintiffs' motion to consolidate (Mot. Consolidate, ECF No. 12, Civ. A. No. 2:12-cv-5412),[6] and, thereafter, the Durso Plaintiffs' cross-motion to consolidate (Cross-Motion Consolidate, ECF No. 31, Civ. A. No. 2:12-cv-5352).

In the Durso motion, the Durso Plaintiffs argued that the three class actions should be consolidated because they all involve claims relating to defects with the Samsung Washers. (Br. Supp. Cross-Motion Consolidate 1, ECF No. 31-3, Civ. A. No. 2:12-cv-5352). The Durso Plaintiffs contended that there are "common issues of law and fact" between the three actions insomuch as the wide-range of claims in the Durso Class Action incorporated the Mold Defect claims asserted in the Spera/Chowning Class Actions. (Id. at 4). Specifically, the Durso Plaintiffs referred to their allegation of mold and mildew smells existing within the Samsung Washers and on clothes that were just washed as sufficient to encompass the Mold Defect claims of the Spera/Chowning Plaintiffs. (Id. at 4).

The Spera/Chowning Plaintiffs, however, disputed that there is a "common issue of law or fact" between their cases and the Durso Class Action, and thus seek consolidation of only the

---

[5] Based on the similarity between the allegations and causes of action between the Spera Class Action and the Chowning Class Action, the Court shall jointly refer to these plaintiffs and actions as the "Spera/Chowning Plaintiffs" and the "Spera/Chowning Class Actions."

[6] A motion to consolidate was filed only in the Spera Class Action, not the Chowning Class Action. However, both sets of plaintiffs submitted joint briefs in opposition to the Durso Plaintiff's motion to consolidate, and argued the matters should be consolidated in the manner laid out in the Spera motion to consolidate.

4

Mold Defect class actions, i.e., the Spera Class Action and the Chowning Class Action. (Br. Opp. Mot. Consolidate 4, ECF No. 37, Civ. A. No. 12-5352). According to the Spera/Chowning Plaintiffs, the only similarity between the claims in the Durso Class Action and in the Spera/Chowning Class Actions is that they all involve the Samsung Washers. (Id. at 1). They argued consolidating all the class actions would result in the confusion of issues, the complication of discovery, and prejudice to them insomuch as their claims could be "lost in the shuffle." (Id. at 6). The Spera/Chowning Plaintiffs argued that, dissimilarly, the consolidation of only the Spera Class Action with the Chowning Class Action would promote judicial economy and streamline issues and discovery, as these actions indisputably contain a "common issue of law or fact." (Id. at 4).

## II. LEGAL STANDARD.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Rule 42(a) gives the district court "broad powers to consolidate actions involving *common questions of law or fact* if, in its discretion, such consolidation would facilitate the administration of justice." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80-82 (D.N.J. 1993) (citing Waste Distillation Tech., Inc. v. Pan American Resources, Inc., 775 F. Supp. 759, 761 (D. Del. 1991) (citation omitted); see also In re Mock, 398 F. App'x 716, 718 (3d Cir. 2010). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases

involving similar legal and factual issues." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000).

The mere existence of common issues, however, does not require consolidation. Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. at 81 (citing Waste Distillation, 775 F. Supp. at 761). The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions. Id. (citations omitted).

### III. ANALYSIS.

The Court finds that consolidation of all three class actions is inappropriate, as there is little evidence of a "common issue of law or fact" between the Durso Class Action and the Spera/Chowning Class Actions beyond the mutual involvement of the Samsung Washers.

The overlap between the Durso Class Action's allegations regarding a "mold and mildew" smell in the Washers and/or on recently cleaned clothes is only superficially related to the more specific Mold Defect claims. The Durso Plaintiffs' myriad of claims relate to such varying issues as the frequency of 'error messages' displayed to wash capacity. Each of these claims would require individual analysis, and consolidation with the limited Mold Defect claims would result in delay and confusion of the relevant factual issues in each case. Indeed, proving all of the claims in the Durso Class Action would inevitably require fact and expert discovery into a variety of issues that are irrelevant to the Spera/Chowning Class Action. Samsung voiced exactly such a concern when opposing the consolidation of all three class actions, contending that consolidated discovery had "the distinct potential of overwhelming the parties' efforts." (Samsung Opp. Cross-Motion Consolidate 3, ECF No. 36, Civ. A. No. 2:12-cv-5352).

Given the disparate factual analyses and sources of proof required by the claims in the Durso Class Action as compared to the limited claims in the Spera/Chowning Class Actions, consolidation is not appropriate. See Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 81-82 (D.N.J. 1993).[7]

Dissimilarly, consolidation of the Spera/Chowning Class Actions would foster the goals of Rule 42(a). These actions assert identical allegations and causes of action against Samsung with respect to the alleged Mold Defect inherent in Samsung Washers. There is an obvious "common issue of law or fact" between these actions, and little risk of any confusion of issues or prejudice to any party. Indeed, Samsung did not oppose the consolidation of the Spera/Chowning Class Actions. (Samsung Opp. Cross-Motion Consolidate, ECF No. 36, Civ. A. No. 2:12-cv-5352). Consolidating these actions would promote judicial economy by reducing repetition and duplication, conserving judicial resources, and avoiding inconsistent rulings.

Thus, the Court finds that the Spera/Chowning Class Actions should be consolidated under docket number 2:12-cv-5412, and assigned the master caption: "In re: Samsung Front Loading Washer Mold Litigation."

### IV. CONCLUSION.

For the reasons set forth above, the cross-motion to consolidate filed in the Durso Class Action (ECF No. 31, Civ. A. No. 2:12-cv-5352) is **DENIED**. The motion to consolidate filed in the Spera Class Action (ECF No. 12, Civ. A. No. 2:12-cv-5412) is **GRANTED**.

---

[7] In addition, there is a disparity among the claims asserted in the two sets of actions. The Durso Plaintiffs asserted claims for fraudulent concealment, breach of the implied warranty of fitness for a particular purpose, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices Act. The Spera/Chowning Plaintiffs did not assert these claims. Thus, Durso Class Action differs significantly in both its allegations against Samsung and the causes of action it asserted, and, therefore, should not be consolidated with the Spera/Chowning Class Actions.

In addition, the <u>Spera</u> Class Action (Civ. A. No. 2:12-cv-5412) and the <u>Chowning</u> Class Action (Civ. A. No. 2:12-cv-5440) shall be consolidated under Civ. A. No. 2:12-cv-5412 and assigned the master caption: "In re: Samsung Front Loading Washer Mold Litigation."

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Dennis M. Cavanaugh
Hon. Mark Falk