UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANNE SPERA AND BETHANY MIZELL, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendant.<br><br>CHAD AND JESSICA CHOWNING on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. | **OPINION**<br><br>In re SAMSUNG FRONT LOADING WASHER MOLD LITIGATION<br><br>Civil Action No. 2:12-cv-05412 (WJM )(JBC) |

WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court upon motion to appeal by Plaintiffs Robert N. Durso, Suzanne Fast, Cathie Coke, and Douglas Walker (collectively "Plaintiffs" or "Durso Plaintiffs") (August 05, 2013, ECF No. 35) the July 24, 2013 Opinion and Order (ECF Nos. 33, 34) of Magistrate Judge Joseph A. Dickson ("Judge Dickson") denying Plaintiffs' cross-motion to consolidate.  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  Based on the following and for the reasons expressed herein, Plaintiffs' appeal is **denied.**

1

### I.     BACKGROUND

Three class actions involving claims related to Samsung front-loading washing machines are currently pending in this Court: (1) Durso, et al. v. Samsung Elecs. Am., Inc., Civ. A No. 2:13-cv-5412 (the "Durso Class Action"); Spera, et al. v. Samsung Elecs. Am., Civ. A. No. 2:12-cv-5412 (the "Spera Class Action"); and Chowning, et al. v. Samsung Elecs. Am., Civ A. No. 2:12:cv-05440 (the "Chowning Class Action").  By Opinion and Order dated July 24, 2013, Judge Dickson denied Plaintiffs' cross-motion to consolidate the Durso Class Action with the others and granted the motion to consolidate the Spera Class Action and Chowning Class Action. (ECF Nos. 33, 34).  The Spera Class Action and Chowning Class Action were consolidated under Civ. A. No. 2:12-cv-5412 and assigned the master caption: "In re: Samsung Front Loading Washer Mold Litigation."  On August 5, 2013, the Durso Plaintiffs appealed Judge Dickson's decision denying their cross-motion to consolidate.  (ECF No. 35).

### II.    STANDARD OF REVIEW

An appeal of a Magistrate Judge's decision on a non-dispositive matter is reviewed by the District Court under the deferential "clearly erroneous or contrary to law" standard of review. United States v. Sensient Colors, Inc., 649 F.Supp. 2d 309, 315 (D.N.J. 2009). See also FED .R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1)(A); Pfizer v. Teva Pharmaceuticals USA, Inc., 2010 WL 234923 at *1 (D.N.J. 2010).  A Magistrate Judge's decision is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed. Sensient, 649 F.Supp. 2d at 315.  A Magistrate Judge's decision is contrary to law when he or she has misinterpreted or misapplied applicable law.  Id.  The burden of showing that a ruling is

clearly erroneous or contrary to law rests with the party filing the appeal.  Marks v. Struble, 347 F.Supp. 2d, 136149; see also Oliver v. Dow, 2011 WL 3703699 at *1 (D.N.J.2011).

### III.     DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate cases if the cases involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  Rule 42(a) is permissive and grants the court broad discretionary powers to order consolidation if it would advance the administration of justice and avoid unnecessary costs or delay.  See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 80-81 (D.N.J. 1993).  Indeed, the "mere existence of common issues" does not automatically require consolidation.  Id. at 81.  Rather, the court must balance such factors as the interest or efficiency and judicial economy gained through consolidation against the delay or expense that might result from simultaneous disposition of separate actions.  Id.

Here, Judge Dickson carefully considered the numerous differences between the allegations in the Durso action and the Spera and Chowning actions and appropriately weighed their respective interests.  Most significantly, the Durso action alleges a much broader range of defects than the other actions, including:

> the inability of the [Samsung Washers] to spin and drain properly and [] wash large items despite the claim that the washer has 'super capacity,' the failure of clothes to come out properly cleaned, the frequent display of 'error message' to the user, frequent mold, mildew smells within the Washer[s] and on clothes that were just washed, frequent instances of premature failure of the pump, the collection of 'pot metal' in the hose, and the premature disintegration of the rubber within the [W]asher resulting in leaks and damage to clothing.

Durso v. Samsung Elecs. Am., Inc., 2013 U.S. Dist. LEXIS 103403, *4-5 (D.N.J. July 24, 2013). In contrast, the Spera and Chowning actions, which Judge Dickson recognized were "nearly identical," contain focused allegations of only "limited Mold Defect claims."  Id. at *6, *11.

Judge Dickson properly found that the additional and varied claims in the Durso litigation "would result in delay and confusion of the relevant factual issues in each case" if it were to be consolidated with the others.  Id. at *11.  Specifically, Judge Dickson found that "proving all of the claims in the Durso Class Action would inevitably require fact and expert discovery in a variety of issues that are irrelevant to the Spera/Chowning Class Action."  Id.

Given Judge Dickson's reasoned and well-supported analysis, the Magistrate Judge's broad discretion to consolidate, and the deference applied in reviewing such a determination, the Court finds that Judge Dickson's decision does not suffer from clear error or misapplication of the law.  After reviewing the evidence and the submissions from the parties, the Court is decidedly not "left with the definite and firm conviction that a mistake has been committed" or that Judge Dickson "misinterpreted or misapplied applicable law."  Sensient, 649 F.Supp. 2d at 315.  To the contrary, the Court finds that Judge Dickson properly denied the Durso Plaintiffs cross-motion for consolidation and properly consolidated only the Spera and Chowning actions.  Thus, Judge Dickson's decision is affirmed.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to appeal is denied and Judge Dickson's July 24, 2013 decision is affirmed.  An appropriate Order accompanies this Opinion.


                                             s/William J. Martini
                                             _____
                                             WILLIAM J. MARTINI, U.S.D.J.


Date: March 24, 2014

4