NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| JEANNE SPERA AND BETHANY MIZELL, individually and on behalf of all other persons similarly situated, | : : : |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| SAMSUNG ELECTRONICS AMERICA, INC. | : : |
| | : |
| Defendant. | : |

_____

| | |
|---|---|
| CHAD AND JESSICA CHOWNING, individually and on behalf of and all others similarly situated, | : : : |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| SAMSUNG ELECTRONICS AMERICA, INC. | : : |
| | : |
| Defendant. | : |

_____ :

**Hon. William J. Martini**

**OPINION**

In re SAMSUNG FRONT LOADING WASHER MOLD LITIGATION

Civil Action No. 2:12-cv-05412 (WJM)(MF)

William J. Martini, U.S.D.J.:

    This matter comes before the Court upon motion by Defendant Samsung Electronics America, Inc. ("Defendant" or "Samsung") to dismiss the Complaints filed by Plaintiffs Jeanne Spera, Bethany Mizell, and Chad and Jessica Chowning (collectively "Plaintiffs") in the consolidated class action In re: Samsung Front Loading Washer Mold Litigation.  (Spera Mot. to dismiss, 2:12-cv-05412, February 28, 2013, ECF No. 17; Chowning Mot. to Dismiss, 2:12-cv-05440, February 28, 2013, ECF No. 12).  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  Based on the following and for the reasons expressed herein, Defendant's motion to dismiss is **granted in part** and **denied in part.**

I.  **BACKGROUND**

On August 28, 2012, Plaintiffs Jeanne Spera ("Spera"), a citizen of New Jersey, and Bethany Mizell ("Mizell"), a citizen of Missouri, filed a class action against Samsung based on the "design, manufacture, marketing, advertising, selling, warranting, and servicing of its front-loading washer machines (the "Washing Machines")."  (Spera Compl. ¶ 2, ECF No. 1). According to Spera and Mizell's Complaint (the "Spera Complaint"), these "Washing Machines have serious design defects" that cause the accumulation of "mold and mildew," and a "moldy or mildewy odor that permeates the Washing Machine and clothes" and essentially warrant the machines "unusable in the manner, to the extent to, and for the purpose for which the Washing Machines were advertised, marketed, and sold."  (Spera Compl. ¶ 2).  The Spera Complaint asserts that Samsung failed to disclose the design defects and mold problems or the extraordinary maintenance that is required to combat the accumulation of mold.  (Spera Compl. ¶ 6, 7).  Spera and Mizell allege that Samsung made express representations about the quality of its Washing Machines and touted them as ENERGY STAR washers.  (Spera Compl. ¶ 21, 22).  As to the ENERGY STAR label, Spera and Mizell contend that they were advised to run extra empty cycles of hot water, bleach and/or other products to combat the mold problems, "contrary to the representation that the machines would lead to water and energy savings."  (Spera Compl. ¶ 25). Based on these allegations, Spera and Mizell asserted the following claims against Samsung: (1) Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq.; (2) Violation of the Missouri Merchandising Practices Act, MO. REV. STAT. § 407.010 et seq.; (3) Breach of Express Warranty; (4) Breach of Implied Warranty of Merchantability; and (5) Unjust Enrichment.

On August 29, 2012, Plaintiffs Chad and Jessica Chowning (the "Chowning Plaintiffs"), citizens of Colorado, filed a class action against Samsung based on the same allegations. (Chowning Compl., 2:12-cv-05440, ECF No. 1).  The Complaint filed by the Chowning

Plaintiffs (the "Chowning Complaint") is nearly identical to the Spera Complaint.  However, in lieu of the claim under the Missouri statute, the Chowning Plaintiffs assert a claim for violation of the Colorado Consumer Protection Act, CO. REV. ST. § 6-1-101, et seq.  (Chowning Compl, ¶¶ 86-94).  By Order and Opinion dated July 24, 2013, Magistrate Judge Joseph A. Dickson ("Judge Dickson") consolidated the purported class action filed by Spera and Mizell and the purported class action filed by the Chowning Plaintiffs under Civ. A. No. 2:12-cv-5412 and the master caption "In re: Samsung Front Loading Washer Mold Litigation."  (ECF Nos. 33, 34).  By Order and Opinion dated March 24, 2014, this Court upheld Judge Dickson's July 24, 2013 decision to consolidate.  (ECFs No. 51, 52).  On February 28, 2013, Samsung filed motions to dismiss both the Spera Complaint and the Chowning Complaint.  (ECF No. 17; 2:12-cv-05440, ECF No. 12).  All Plaintiffs collectively responded to Samsung's motions to dismiss.  (ECF No. 27).  Given the consolidation of these cases, the Court will address the arguments of both motions in this Opinion.[1]

## II.   LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations omitted).  "[A court is] not bound to accept as true a legal conclusion couched as a factual

---

[1] The briefs in support of the motions are essentially identical with the exception of arguments pertaining to the Missouri and Colorado statutes/Plaintiffs.

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

## III. DISCUSSION

### a. Consumer Fraud Claims and Choice of Law Analysis

Mizell, the Missouri Plaintiff, and the Chowning Plaintiffs, citizens of Colorado, assert claims under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq. ("NJCFA"). Samsung argues that these Plaintiffs cannot avail themselves of the NJCFA because under New Jersey's choice of law principles, Plaintiffs' respective states have the most significant relationship to their consumer fraud claims. Thus, Samsung asserts that the NJCFA claims of Mizell and the Chowning Plaintiffs must be dismissed.

Plaintiffs argue that it is premature for the Court to resolve choice of law issues at this stage of the litigation. However, as Defendant points out, a number of courts in this district have determined choice of law analysis to be appropriate at the motion to dismiss stage. See Feldman

4

v. Mercedes-Benz USA, LLC, 2012 U.S. Dist. LEXIS 178924 *13 (D.N.J. Dec. 18, 2012);

Weske v. Samsung Elecs. Am., Inc., 2012 U.S. Dist. LEXIS 32289, *12 (D.N.J. Mar. 12, 2012);

Cooper v. Samsung Elecs. Am., Inc., 2008 U.S. Dist. LEXIS 75810 (D.N.J. Sept. 30, 2008),

aff'd, 374 F. App'x 250 (3d Cir. 2010).  The Court agrees with Defendant that "some choice of

law issues many not require a full factual record and may be amenable to resolution on a motion

to dismiss."  Harper v. LG Electronics USA, Inc., 595 F. Supp. 2d 486, 491 (D.N.J. 2009).  The

proper framework is for the Court to make a threshold inquiry into whether a choice of law

analysis is appropriate at the motion to dismiss stage or requires a fuller factual record.  See

Snyder v. Farnam Cos., 792 F. Supp. 2d 712, 718 (D.N.J. 2011).   The Court finds that there is a

sufficient factual basis to make a choice-of-law determination because the allegations of the

Complaints provide the Court with adequate information regarding each contact it must weigh

under New Jersey's "most significant relationship" test.

      A federal district court sitting in diversity must apply the forum state's choice of law

rules.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Gen. Star Nat'l

Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377, 379 (3d Cir. 1992).  In conducting a choice of

law analysis, New Jersey employs the "most significant relationship" test.  P.V. v. Camp

Jaycee, 197 N.J. 132, 155 (2008) ("In balancing the relevant elements of the most significant

relationship test, we seek to apply the law of the state that has the strongest connection to the

case").  The most significant relationship test consists of two prongs.  The first prong requires

a determination as to whether an "actual conflict" exists between New Jersey law and the law

of the competing state.  Id. at 143.  If no actual conflict exists, the inquiry is over and New

Jersey law applies.  See In re Ford Motor Co., 110 F.3d 954, 965 (3d Cir. 1997).  If there is a

conflict, the inquiry proceeds to the second prong of the test.

With respect to Mizell, the relevant statute is the Missouri Merchandising Practices Act, MO. REV. STAT. § 407.010 et seq. ("MMPA").  Under the MMPA, the right to bring a private civil action is only available if the items in question were purchased "primarily for personal, family or household purposes."  MO. REV. STAT. § 407.025(1).  The MMPA has no provision for treble damages and an award of attorneys' fees is discretionary.  MO. REV. STAT. § 407.025(2).  The statute of limitations for an MMPA claim is five years.  Glen v. Fairway Indep. Mortg. Corp., 265 F.R.D. 474,476-77 (E.D. Mo. 2010).  If intent to defraud is established, the MMPA provides that the defendant "shall be guilty of a class D felony."  MO. REV. STAT. § 407.020(3).

In contrast, the NJCFA does not preclude recovery for fraud related to the purchase of a product primarily for a business purpose.  Fink v. Ricoh Corp., 365 N.J. Super. 520, 585, 839 A.2d 942, 983 (N.J. Law Div. 2003).  Treble damages and attorneys' fees are mandatory under the NJCFA, whereas the MMPA does not permit treble damages and an award of attorneys' fees is discretionary.  N.J.S.A. 56:8-2.  The statute of limitations for NJCFA claims is six years. N.J.S.A. 2A:14-1.  In addition, unlike the MMPA, the NJCFA does not provide for any mandatory criminal convictions if a person is found to intentionally commit a fraudulent act. Thus, actual conflicts exist between the NJCFA and the MMPA.  See Arlandson v. Hartz Mountain Corp. et al., Civ. No. 10-1050, 2011 U.S. Dist. LEXIS 56462, at *38 (D.N.J. May 26, 2011) (noting that "courts in this District have recognized that the NJCFA and consumer protection laws of other states clearly conflict"); Agostino v. Quest Diagnostics Inc., 256 F.R.D. 437, 462 (D.N.J. 2009) ("actual conflicts exist between the NJCFA and the consumer protection laws of other states"); Fink, 365 N.J. Super. at 574-84, 839 A.2d at 977-82 (discussing the "numerous" differences between NJCFA and consumer fraud statutes of twenty-four states, including Missouri).

As to the Chowning Plaintiffs, the relevant consumer protection statute is the Colorado Consumer Protection Act, CO. REV. ST. § 6-1-101, et seq. ("CCPA").  Under the CCPA, the right to bring a private civil action is only available when the alleged deceptive trade practice significantly impacts the public.  Campfield v. State Farm Mut. Auto Ins. Co., 532 F.3d 1111, 1120 (10th Cir. 2008).  The CCPA also requires a showing of scienter when a claim is based on an alleged omission.  CO. REV. ST. § 6-1-105(1)(u).  Attorneys' fees and treble damages are not available in a class action under the CCPA.  CO. REV. ST. § 6-1-113(2); Robinson v. Lynmar Racquet Club, Inc., 851 P.2d 274,278 (Colo. App. 1993).  The statute of limitations for a CCPA claim is three years.  CO. REV. ST. § 6-1-115.

In contrast, the NJCFA has no public interest impact component and does not require scienter.  Treble damages and attorneys' fees are mandatory under the NJCFA, whereas the CCPA does not permit treble damages or attorneys' fees in a class action.  N.J.S.A. 56:8-2.  The statute of limitations for NJCFA claims is six years.  N.J.S.A. 2A:14-l.  Thus, actual conflicts exist between the NJCFA and the CCPA.  Since there are actual conflicts between the NJCFA and both the MMPA and the CCPA, the Court must proceed to the second prong of the most significant relationship test.

The second prong of the significant relationship test, as applied to consumer fraud claims, requires the Court to consider factors set forth in Section 148 of the Restatement (Second) of Conflicts of Law.  See Agostino I, 256 F.R.D. at 462.  Section 148 has two subsections.  See Feldman, 2012 U.S. Dist. LEXIS 178924 at *15.  Section 148(1) governs when the defendant made the fraudulent representations in the same state in which the consumer's reliance occurred.  Id.  Section 148(2) applies "when the misrepresentations and the reliance occurred in different states."  Id.

7

Plaintiffs do not make clear where the alleged misrepresentations were made. Following the decisions of a number of other courts in this District, this Court finds that the alleged misrepresentations were made at the Defendant's headquarters, not in the consumer's home states.  See e.g. Feldman, 2012 U.S. Dist. LEXIS 178924 at *16; Cooper, 374 F. App'x at 255; Nikolin v. Samsung Elecs. Am., Inc., No. 10-1456, 2010 U.S. Dist. LEXIS 110942, at *3-4 (D.N.J. Oct. 18, 2010).  Thus, the Court will apply Section 148(2).

Under Section 148(2), courts consider the following six factors:

(a) the place or places, where the plaintiff acted in reliance upon the defendant's representations,
(b) the place where the plaintiff received the representations,
(c) the place where the defendant made the representations,
(d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
(e) the place where the tangible thing which is the subject of the transaction between the parties was situated at the time, and
(f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148(2).  As to the Missouri and Colorado Plaintiffs, factors (a), (b), (e), and (f) all occurred in either Missouri or Colorado and therefore weigh in favor of applying Missouri or Colorado law, respectively.  As discussed above, this Court finds any alleged misrepresentations would have been made at Defendant's headquarters and therefore factor (c) weighs in favor of New Jersey.  Factor (d) does not tip in favor of either party as Plaintiffs reside in Missouri and Colorado and Defendant's headquarters are located in New Jersey.  As four of the six factors weigh in favor of applying the law of Plaintiffs' home state, this Court will apply Missouri and Colorado law to Mizell's and the Chowning Plaintiffs consumer fraud claims, respectively.  In doing so, "this court follows a long line of cases in this Circuit holding that a consumer's home state law should apply to

8

transactions that 'bear no relationship to New Jersey other than the location of [the defendant's] headquarters.'" Feldman, 2012 U.S. Dist. LEXIS 178924 at *18 (quoting Cooper, 374 F. App'x at 225); see also Nikolin, 2010 U.S. Dist. LEXIS 110942, at *4; Agostino I, 256 F.R.D. at 464; Warma Witter Kreisler, Inc., 2010 U.S. Dist. LEXIS 34584, at *1-2 (D.N.J. Apr. 8, 2010); In re Philips/Magnavox TV Litig., No. 09-3072, 2010 U.S. Dist. LEXIS 91343, at *9-10 (D.N.J. Sept. 1, 2010).  As a result, the NJCFA claims of Mizell and the Chowning Plaintiffs are **dismissed.**

### b.   NJCFA Claim

As Spera is a resident of New Jersey, the Court analyzes her consumer fraud claim under New Jersey law.  To succeed on a claim under the NJCFA, a plaintiff must show (1) an unlawful practice by defendant, (2) an ascertainable loss on the part of plaintiffs, and (3) a causal relationship between the defendant's unlawful conduct and the plaintiffs' loss.  Cox v. Sears Roebuck & Co., 138 N.J. 2, 24 (1994).  Samsung asserts that Spera's NJCFA claim should be dismissed because she does not adequately allege either an ascertainable loss or a causal relationship between Samsung's alleged conduct and her purported loss.

### i.   Ascertainable Loss

An "ascertainable loss," is defined as "a cognizable and calculable loss due to the alleged [NJCFA] violation." Solo v. Bed Bath & Beyond, Inc., 2007 U.S. Dist. LEXIS 31088, *7-8 (D.N.J. April 26, 2007) (quoting Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 249 (2005)).   Ascertainable loss may occur "when a consumer received less than what was promised." Union Ink Co. v. AT&T Wireless, 352 N.J. Super. 617, 646 (N.J. Super. Ct. App. Div. 2002).  "A plaintiff may show ascertainable loss by 'either out-of-pocket loss or a demonstration of loss in value.'"  Green v. Green Mtn. Coffee Roasters, Inc., 279 F.R.D. 275, 281 (D.N.J. 2011) (quoting Thiedemann, 183 N.J. at 248).  An actionable loss is not

9

"hypothetical or illusory."  Thiedemann, 183 N.J. at 248.  "What New Jersey Courts require for

that loss to be 'ascertainable' is for the consumer to quantify the difference in value between the

promised product and the actual product received."  Smajlaj v. Campbell Soup Co., 782 F. Supp.

2d 84 (D.N.J. 2011).

A number of courts in this district require some degree of specificity in pleading

ascertainable loss.  See e.g. Lieberson v. Johnson and Johnson Consumer Cos., 2011 U.S. Dist.

LEXIS 107596, *27 (D.N.J. Sept. 21, 2011) ("absent any specific information concerning the

price of the Products or the price of any comparable products, Plaintiff's allegations concerning

the ascertainable loss are nothing more than unsupported conclusory statements that are

insufficient to withstand a motion to dismiss."); Torres-Hernandez v. CVT Prepaid Solutions,

Inc., 2008 U.S. Dist. LEXIS 105413, *19 (D.N.J. Dec. 17, 2008) (a plaintiff must establish

ascertainable loss "with enough specificity as to give the defendant notice of possible

damages."); Hemy v. Perdue Farms, Inc., 2011 U.S. Dist. LEXIS 137923, *43-54 (D.N.J. Nov.

30, 2010) (unsupported allegations of a "price premium" are insufficient to establish

ascertainable loss); Green, 279 F.R.D. at 282 (Plaintiff does not adequately plead ascertainable

loss because he "fails to allege how much he paid for his [coffee] brewer and how much other

comparable brewers manufactured by Defendants' competitors cost at the time of purchase.").

Here Plaintiffs have not alleged how much they paid to purchase, repair or replace their

washers.  Instead, Plaintiffs claim broadly that they "have suffered an ascertainable loss in the

form of…monies spent to repair and replace the Washing Machines and diminution in value of

the Washing Machines."  (Spera Compl. ¶ 84; Chowning Compl. ¶ 84).  For Plaintiffs to

adequately plead ascertainable loss, they must set forth more specific facts as to their out-of-

pocket loss and/or the alleged "dimunition in value" of the Washing Machines they purchased.

Ultimately, Plaintiffs must make a more detailed attempt to "quantify the difference in value

between the promised product and the actual product received."  Since the Complaint fails to adequately allege ascertainable loss, Spera's NJCFA claim is **dismissed without prejudice.**

### ii.  Proximate Causation

Under the NJCFA, a plaintiff must demonstrate that his or her ascertainable loss was "attributable to conduct made unlawful by the [Act]."  Thiedemann, 183 N.J. at 246.  A plaintiff must therefore "plead and prove a causal nexus between the alleged act of consumer fraud and the damages sustained."  New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 15 (N.J. App. Div. 2003).  In Mccalley v. Samsung Elecs. Am., Inc., 2008 U.S. Dist. LEXIS 28076, at * 26 (D.N.J. Mar. 31, 2008), the court found a plaintiff's assertion that had the alleged defect been disclosed, consumers would not have purchased the defendant's product sufficient to establish the requisite causal connection.  It is clear from the Complaint that if Spera had been made aware of the alleged defects in Samsung's Washing Machines, she would not have purchased one.  Dismissal of Spera's NJCFA claim is therefore not warranted on causation grounds**.**

### c.  Mizell's MMPA Claim and the Chowning Plaintiffs' CCPA Claim

Samsung argues that Mizell's MMPA claim should also be dismissed for failure to adequately plead ascertainable loss or causation and that the Chowning Plaintiffs' CCPA claim should be dismissed for failure to set forth a causal relationship between Samsung's alleged conduct and their purported loss.  To bolster these contentions, Samsung provides the same arguments it used to support dismissal of the NJCFA claim.  Thus, for the reasons already provided in the Court's NJCFA analysis, Mizell's MMPA claim is **dismissed without prejudice** for failure to adequately plead ascertainable loss.  The Chowning Plaintiffs' CCPA claim, however, survives the motion to dismiss on these grounds.

### d.   FED. R. CIV. P. 9(b)'s heightened pleading requirement

Samsung asserts that Plaintiffs' fraud-based claims (claims under NJCFA, MMPA and CCPA) are subject to dismissal pursuant to FED. R. CIV. P. 9(b)'s heightened pleading requirement.  Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."   "To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).  Under Rule 9(b), a plaintiff must plead a specific omission of a material fact and the defendant's knowledge of it.  See In re Magnesium Oxide Antitrust Litig., 2011 U.S. Dist. LEXIS 121373, *26 (D.N.J. Oct. 20, 2011).  Where a complaint merely alleges conclusory assertions that a defendant knew and failed to disclose material facts, dismissal is appropriate. See Weske 2012 U.S. Dist. LEXIS 32289 at *17-18; Donachy v. Intrawest U.S. Holdings, Inc., 2012 U.S. Dist. LEXIS 34029, *11 (D.N.J. Mar. 14, 2012).

The Court finds the Complaints to lack specific facts supporting Samsung's knowledge of the alleged defect.  The Complaints do not pinpoint a specific time at which Samsung allegedly became aware of the purported defect.  Plaintiffs' Complaints allege that Samsung received an "avalanche of consumer complaints."  (Spera Compl. ¶¶41-42; Chowning Compl. ¶¶41-42). However, Plaintiffs fail to identify a particular complaint, who it was made by, who it was received by, or when it would have put Samsung on notice of the alleged defect.  Overall, the Complaints do not "provide sufficient factual allegations to establish that Samsung knew of the [alleged defects] prior to the sale [] at issue in this litigation." Weske, 2012 U.S. Dist. LEXIS 32289 at *17-18.  This is further grounds for the **dismissal without prejudice** of Spera's NJCFA claim and Mizell's MMPA claim.  In addition, Plaintiffs failure to plead fraud-based claims with particularity warrants **dismissal without prejudice** of the Chowning Plaintiffs' CCPA claim.

### e.   Breach of Express Warranty

Since there is no actual conflict between New Jersey, Missouri and Colorado law as to Plaintiffs' warranty counts, the Court will apply New Jersey law to these claims.   Samsung argues that the breach of express warranty claim fails because the language of the Limited Warranty only warrants "against manufacturing defects in materials and workmanship" and therefore does not cover what Plaintiffs characterize in their Complaints as "design defects." The Court agrees with Plaintiffs that "at the pleading stage, where the distinction between defect in design and defect in materials or workmanship is a matter of semantics…the defendant's characterization of the nature of the claim pre-discovery should not control whether the complaint survives."  Alin v. Am. Honda Motor Co., 2010 WL 1372308, at *6 (D.N.J. Mar. 31, 2010).  Thus, Samsung's argument does not provide adequate grounds for dismissal.

However, Samsung also asserts that Plaintiffs' breach of express warranty claim fails because Plaintiffs did not allege that they contacted Samsung to report their problems with the Washing Machines during the one-year warranty period.  Although the Complaints clearly include allegations that Plaintiffs contacted Samsung (Spera Complaint, ¶¶ 30, 31; Chowning Complaint, ¶¶ 29, 30), it is not clear when Plaintiffs made this contact.  Since the Court cannot discern from the Complaints whether Samsung was contacted during the warranty period, Plaintiffs' claim for breach of express warranty is **dismissed without prejudice.**

### f.   Breach of Implied Warranty of Merchantability

Samsung argues that Plaintiffs' breach of implied warranty claim is subject to dismissal because the Limited Warranty accompanying Plaintiffs' Washing Machines clearly and conspicuously disclaimed any implied warranty of merchantability.  "Both the implied warranty of merchantability and the warranty of fitness for a particular purpose arise by

operation of law and serve to protect buyers from loss where the goods purchased are below
commercial standards or are unfit for the buyer's purpose." Altronics of Bethlehem, INc. v.
Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1002).  However, "[T]he UCC allows manufacturers
to limit their liability through disclaimers, except for personal injuries." Paramount Aviation
Corp. v. Gruppo Augusta, 2003 U.S. Dist. LEXIS 27396, *13-14 (D.N.J. Dec. 1, 2003); see
also N.J.S.A. 12A:2-316; N.J.S.A. 12A:2-719.  New Jersey law generally recognizes
disclaimers and will enforce them as long as they are clear and conspicuous.  See N.J.S.A.
12A:2-316; Realmuto v. Straub Motors, Inc., 65 N.J. 336, 341-42 (1974); Gladden v. Cadillac
Motor Car Div., 83 N.J. 320, 331 (N.J. 1980).  To be conspicuous, a disclaimer must be "so
written that a reasonable person against whom it is to operate ought to have noticed it."
Gladden, 83 N.J. at 331; see also Advanced Drainage Sys. V. Siteco Materials, Inc., 2014 U.S.
Dist. LEXIS 34978, at *9 (D.N.J. March 18, 2014).

 Here, the warranty disclaimer language appears at the end of the "Washer User
Manual" and reads as follows:

> EXCEPT AS SET FORTH HEREIN, THERE ARE NO WARRANTIES ON THIS
> PRODUCT EITHER EXPRESS OR IMPLIED, AND SAMSUNG DISCLAIMS ALL
> WARRANTIES INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED
> WARRANTIES OF MERCHANTABILITY, INFRINGEMENT OR FITNESS FOR A
> PARTICULAR PURPOSE.

(O'hara Decl., Ex A, ECF No. 17).  The Court finds that this disclaimer, in all capital letters
and including the language "implied warranties of merchantability" is clear and conspicuous
and therefore enforceable.  It is also similar to other disclaimers previously found to
adequately disclaim warranties.  See e.g. Alt. Health Sys. v. Cummins Inc., 2010 U.S. Dist.
LEXIS 133745, *17 (D.N.J. 2010) (finding disclaimer located on the last page of warranty
information to be conspicuous and thus enforceable); Moulton v. LG Elecs. USA, Inc., 2012
U.S. Dist. LEXIS 117931, *6 (D.N.J. Aug. 21, 2012) (dismissing implied warranty claims

based upon disclaimer of implied warranties); <u>McCalley</u>, 2008 U.S. Dist. LEXIS 28076 at \*17-18 (finding a similar disclaimer in a Samsung warranty "disclaims additional warranties, including the implied warranties of merchantability and fitness for a particular purpose, according to the requirements expressed in" N.J.S.A. 12A:2-316). Plaintiffs have not provided an argument as to why the disclaimer is invalid or why it fails for any other reason, such as unconscionability. See <u>Henderson v. Volvo Cars of N. Am., LLC</u>, No. 09-4146, 2010 U.S. Dist. LEXIS 73624 (D.N.J. July 21, 2010) (breach of warranty claim supported by unconscionability argument survived motion to dismiss because issue of unconscionability more suitable for decision at summary judgment stage). As Samsung has validly disclaimed the implied warranty of merchantability, Plaintiffs breach of the implied warranty claim is **dismissed without prejudice.**

### g.  Unjust Enrichment

Finally, Samsung seeks dismissal of Plaintiffs' unjust enrichment claim. As no conflict of law exists between the unjust enrichment laws of New Jersey, Missouri and Colorado, the Court will apply New Jersey law. "Under New Jersey law, an indirect purchaser cannot succeed on a claim for unjust enrichment. When an individual purchases a consumer product from a third-party store and not the manufacturer, the purchaser has not conferred a benefit directly to the manufacturer such that the manufacturer could be found to have been unjustly enriched." <u>Weske</u>, 2012 U.S. Dist. LEXIS 32289, at \* 23. See also <u>Hughes v. Panasonic Consumer Electronics, Co.</u>, 2011 U.S. Dist. LEXIS 79504, at \*27 (D.N.J. July 21, 2011) (dismissing unjust enrichment claim on Rule 12(b)(6) motion where plaintiffs in purported class action purchased allegedly defective product from third-party sellers). Here, because Plaintiffs purchased their Washing Machines through retailers and not directly from Samsung, they are indirect purchasers

any may not succeed on a claim for unjust enrichment.  Thus, Plaintiffs' unjust enrichment claim is **dismissed with prejudice.**

    **D.**    <u>**CONCLUSION**</u>

       For the foregoing reasons, Samsung's motion to dismiss is **granted in part** and **denied in part**.  The NJCFA claims of Mizell, the Missouri Plaintiff, and the Chowning Plaintiffs, of Colorado, are **dismissed with prejudice.**  Spera's NJCFA claim, Mizell's MMPA claim and the Chowning Plaintiffs' CCPA claim are all **dismissed without prejudice.**  Plaintiffs' claims for breach of express warranty and breach of the implied warranty of merchantability are both **dismissed without prejudice.**  Plaintiffs' Unjust Enrichment claim is **dismissed with prejudice**.  Plaintiffs are granted leave to amend their Complaint.  An appropriate Order accompanies this Opinion.

                s/William J. Martini

              _____

              WILLIAM J. MARTINI, U.S.D.J.

Date:   April 2, 2014